IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

MAURICE A. VIOLETTE, )
)
Plaintiff, )
) Case No.: 04-11516-JLT
v. )
)
INTERSTATE BRANDS CORPORATION, )
)
Defendant. )

2004 JUL -9 P 12: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

## INTERSTATE BRANDS CORPORATION'S ANSWER

Defendant Interstate Brands Corporation ("IBC") answers the Complaint and Demand For Trial By Jury as follows:

1. IBC admits paragraph 1.

2. IBC admits only that it is a corporate entity doing business in the Commonwealth of Massachusetts. IBC is a Delaware corporation with its principal place of business in Kansas City, Missouri.

3. IBC admits only that it last employed plaintiff as an account manager. IBC denies each other allegation of paragraph 3.

4. IBC admits only that it purchased My Bread Baking Co. in 1998 and that plaintiff became an employee of IBC. IBC denies each other allegation of paragraph 4, which is misnumbered as paragraph 2.

5. IBC denies paragraph 5, which is misnumbered as paragraph 3.

6. IBC denies paragraph 6, which is misnumbered as paragraph 4.

7. IBC admits only that, on April 8, 2003, IBC informed plaintiff that, due to a reorganization, plaintiff's employment would end as of May 5, 2003. IBC denies each

{00066470.v1}

other allegation of paragraph 7, which is misnumbered as paragraph 5.

8.  IBC admits only that plaintiff's date of birth is November 1, 1942. IBC denies each other allegation of paragraph 8, which is misnumbered as paragraph 6.

9.  IBC denies paragraph 9, which is misnumbered as paragraph 7.

10.  IBC denies paragraph 10, which is misnumbered as paragraph 8.

11.  IBC denies paragraph 11, which is misnumbered as paragraph 9.

12.  IBC denies paragraph 12, which is misnumbered as paragraph 10.

## ADMINISTRATIVE EXHAUSTION

IBC admits only that, on September 29, 2003, plaintiff requested permission to withdraw complaint number 03BEM01145 and that, on October 1, 2003, the Massachusetts Commission Against Discrimination issued a letter dismissing compliant number 03BEM01145.

## DEMAND FOR TRIAL BY JURY

IBC admits only that plaintiff's complaint requests a jury trial. IBC denies that plaintiff is entitled to a jury trial on his claim.

## REQUEST FOR RELIEF

IBC denies that plaintiff is entitled to the relief requested and denies paragraphs 1 and 2 of the prayer for relief.

## AFFIRMATIVE DEFENSES

1.  IBC denies each and every allegation, title, count, claim, and prayer of the Complaint which is not specifically admitted.

2.  The Complaint fails to state a claim against IBC upon which relief can be

{00066470.v1}2

00066470.v1

granted.

3. Plaintiff's claims are barred, in whole or in part, because IBC's decisions, employment policies and practices were based on legitimate, non-discriminatory, factors. Even if IBC had considered a prohibited factor in any decision, which IBC denies, IBC would have made the same decision in any event for lawful reasons.

4. Plaintiff's claims for punitive damages are barred, in whole or in part because of IBC's good faith efforts to comply with the applicable employment discrimination laws.

5. Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to exercise reasonable efforts to mitigate his alleged damages.

6. Plaintiff's claims against IBC for punitive damages are barred by the United States Constitution and the Massachusetts Constitution because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates IBC's rights to due process of law, to equal protection of law, to the right to be free from unlawful taking of property, the right to be free from excessive fines and all other substantive and procedural protection of the constitution applicable to punitive damages.

7. IBC reserves the right to assert each and every other affirmative defense which is identified during further proceedings between the parties.

WHEREFORE, having fully answered, defendant Interstate Brands Corporation prays that the Court enter judgment in its favor, for its costs, for its reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Respectfully Submitted,

*(signature)*

Nathan L. Kaitz, (256760)
Morgan, Brown & Joy, LLP
One Boston Place
Boston, Massachusetts 02108
Tel:   617-523-6666
Fax:   617-367-3125

-and-

James R. Holland
Gregory D. Ballew
Bioff Finucane Coffey Holland & Hosler, LLP
104 West Ninth Street, Suite 400
Kansas City, Missouri 64105-1718
TEL.: (816) 842-8770
FAX: (816) 842-8767

ATTORNEYS FOR DEFENDANT
INTERSTATE BRANDS CORPORATION

### Certificate of Service

I certify that a true copy of the forgoing pleading was served by regular U.S. mail, postage pre-paid, this 8th day of July 2004 to Christopher C. Trundy, 240 Union Street, P.O. Box 1203, New Bedford, MA 02741-1203, attorney for plaintiff.

*(signature)*
Attorney for Defendant

{00066470.v1}4

00066470.v1